## STEWART v. WISCONSIN CENT. CO.

(Circuit Court, W. D. Wisconsin. September 30, 1898.)

1. RAILROADS—CROSSING BY ELECTRIC ROAD—RECEIVERSHIP.
   A projected electric railway between two cities, which is constructed, with the exception of a highway crossing over the tracks of a steam railroad in the hands of receivers, will not be refused permission to make such crossing, unless upon grave and controlling considerations.

2. SAME—GRADE CROSSINGS.
   Where grade crossings by steam railroads are permitted by the authorities of the state, a federal court will not refuse permission to an electric road to cross at grade the tracks of a steam railroad in the hands of its receivers.

Upon the petition of the Chippewa Valley & Electric Railway Company for an order authorizing it to construct its electric railway across the track of the Chippewa Falls & Western Railway Company, operated by the receivers of the defendant company.

Frawley, Bundy & Wilcox, for Chippewa Valley Electric Ry. Co.

Thos. H. Gill, Wm. F. Vilas, and A. L. Cary, for receivers of Wisconsin Cent. Co.

Before JENKINS, Circuit Judge, and BUNN, District Judge.

PER CURIAM. We need not stop to consider the interesting legal question whether the petitioner has statutory power to procure by condemnation the right to cross tracks of a railway. It was conceded at the argument that the court, having possession through its receivers of the steam railway in question, could, in its discretion, exercise the rights of an owner of the property, and grant to the Electric Railway Company the right to cross, upon proper conditions; and nothing was urged to our attention constraining us to deny to the Electric Company that privilege. It is engaged in the construction of an electric railway between Eau Claire and Chippewa Falls, and its line has been largely, if not wholly, constructed, with the excep-

tion of the crossings desired. It has contracted with other railway companies whose lines it crosses in the vicinity of the crossing here sought for, for that privilege. To deny the relief asked would be simply to block a desirable public work, which should not be done by a court of equity, unless upon grave and controlling considerations.

It was insisted that the Wisconsin Central Company owned a certain right of way of which the Electric Company had possessed itself without authority of law, and without compensation to the Central Company. With respect to this, it need only be said that the Electric Railway Company sought to condemn that strip and right of way, which it claims had been for 14 years abandoned by the Chippewa Falls & Western Railway Company, which had formerly occupied it, and in regard to a portion of which right of way that company had never had title; and, upon notice of the alleged rights of that company, it impleaded that company and its receiver, Mr. Rand, by leave of this court, in the condemnation proceedings, and paid into court the damages awarded. It is now said that the Wisconsin Central Company, and not the Chippewa Falls & Western Company, was the owner of that strip; but it appears that the Electric Railway Company, in July last, was notified by the counsel of the receiver of the Chippewa Falls & Western Railway Company that the strip and right of way was the property of the Chippewa Falls & Western Railway Company, and was in the exclusive possession and control of Mr. Rand, its receiver. That counsel was and is one of the receivers of the Wisconsin Central Company, and it is somewhat strange that he should have given that notification if the right of way, if any existed, is now or was then owned by the Wisconsin Central Company, as is now claimed. While, of course, the notification given by that gentleman could not deprive the Wisconsin Central Company of its ownership, if ownership it had, such action by him disposes largely of the equitable consideration now urged upon us, that we should withhold permission until the right of the Electric Company to that strip has been determined by condemnation proceedings; and especially since we are advised at the argument that proceedings have been taken against the Wisconsin Central Company to procure proper condemnation, and its rights, if any, can be amply protected in that proceeding. We think the prayer of this petition should be granted. We are not inclined to block a public improvement upon any trivial or doubtful consideration, where the rights of the parties can be otherwise amply protected.

There has been submitted to us an agreement with respect to this crossing, which was proposed between the parties during the past summer, and which was said to be similar to, if not identical with, the agreements between the other railway companies whose tracks are crossed and the Electric Company. We think the right should be granted substantially upon the terms suggested in that proposed agreement. While it is unquestionably true that the crossing of one railway by another at grade is necessarily accompanied with great danger to the public, to life, and to property, and that crossings, at least in populous communities, should be required by law to be above or below grade, such has not yet become the established policy of the

state. Nor do we perceive why that policy should be adopted with respect to electric railways when not applied to steam railways, for in the latter case the danger is much greater than in the former. The electric car can be much more speedily brought to a stop than can cars propelled by steam; and we can perceive no reason for enforcing so stringent a rule with respect to cars propelled by electricity, when the authorities of the state do not deem it necessary to apply it to cars propelled by steam. The prayer of the petition will be allowed, and the right to cross granted, upon the terms and conditions contained in the agreement proposed between the parties, and which has been submitted to us. The order allowing the petition may be prepared by counsel, and will be settled by the court upon notice.